GARCÍA, DEMANDANTE Y APELANTE, *v.* JUNCOS CENTRAL
COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de escritura.

No. 1488.—Resuelto en abril 20, 1917.

NULIDAD DE ESCRITURA—VENTA DE FINCA—DIFERENCIA DE CABIDA—CAUSA DE LA OBLIGACIÓN.—La demandante vendió por precio alzado y por linderos una finca, determinando su cabida.   Otro posterior comprador por unidad de medida la hizo mensurar resultando tener menor cabida y suscribieron entonces el último comprador y la primitiva dueña un acta notarial en la que se consignó que, para evitar litigios, ésta consentía en que se mensurara nuevamente por el ingeniero que ella indicase y que si resultaba alguna diferencia se descontase del precio aplazado que con hipoteca sobre la misma finca estaba adeudando el actual dueño, teniendo en cuenta el precio en que ella vendió.   *Se resolvió:* que ésta fué la causa de la obligación, sin que la desvirtuara el hecho de que cuando firmó la demandante el acta notarial no existiera por tal motivo pleito alguno contra ella ni que equivocadamente creyera que tenía el deber legal de indemnizar por la diferencia entre las cuerdas que dijo tenía la finca y las que resultaren en la mensura que se practicase porque no podía aprovecharse de tal error de derecho para conseguir la nulidad de la obligación que libremente contrajo, pues la ignorancia de la ley a nadie excusa ni favorece.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Eugenio Benítez Castaño.*

Abogados de la apelada: *Señores Charles Hartzell y F. Ramírez de Arellano.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Doña Natividad García vendió a la Sociedad Agrícola de Gurabo por precio alzado de $50,000 y por linderos una finca con cabida de 162 cuerdas 28 céntimos de otra. Dos años después dicha sociedad la traspasó en venta a The Juncos Central Company con la misma cabida y a razón de $225 la cuerda de terreno. Medida luego por la última dueña resultó tener solamente 154 cuerdas y 40 céntimos de otra, y una entrevista que con tal motivo tuvieron los representantes de esas dos sociedades y la primitiva dueña terminó con el otorgamiento de un acta notarial que suscribieron la Señora García y el representante de The Juncos Central Company, en la que se consignó la mensura que ésta había hecho de la finca y su resultado, que para evitar litigios convenían las partes en que fuera mensurada nuevamente por el ingeniero que indicase Doña Natividad García y que si resultaba alguna diferencia se descontase del precio aplazado que con hipoteca sobre la misma finca estaba adeudando la actual dueña de ella a dicha señora, teniendo en cuenta para hacer la deducción el precio por el cual ella vendió a la Sociedad Agrícola de Gurabo y reservándose The Juncos Central Company los derechos que tenga contra la sociedad que le vendió sin que se entienda que renuncia a ellos por esa transacción.

Algún tiempo después de otorgarse ese documento Doña Natividad García presentó demanda contra The Juncos Central Company en la que solicitó que se declarase la nulidad de dicha acta notarial alegando para ello que fué fraudulenta y obtenida mediante engaño y en que no medió causa para la obligación que contrajo la demandante por no existir antes ni entonces pleito pendiente contra ella.

Seguido el pleito por sus trámites recayó sentencia declarando sin lugar la demanda contra la que interpuso la demandante este recurso de apelación.

Podemos dejar a un lado la cuestión del fraude y del engaño porque no se demostró ya que el juez sentenciador no dió crédito en este particular a la demandante, única prueba que se presentó sobre ese extremo. Además la apelante no da importancia a esta cuestión pues ha dirigido su argumentación casi exclusivamente a demostrar que no existió causa para la obligación que contrajo por lo que debe declararse su nulidad y revocarse la sentencia apelada.

¿Existió causa para la obligación que aceptó la apelante, contenida en el documento que suscribió? Tal es la verdadera cuestión que tenemos que resolver ahora.

En el documento se hizo constar que la mensura de la finca dió una cabida menor de la que dijo Doña Natividad que tenía cuando la vendió, aunque la enajenación se hizo por precio alzado y por linderos, y se consignó también que para evitar litigios consentía en que de lo que se le debía con hipoteca sobre la finca se descontase lo que faltase en ella teniendo en cuenta el precio en que se vendió. Temió, pues, la demandante apelante que por la diferencia de cabida se le pusieran pleitos y quiso evitarlos renunciando a parte del crédito que por el precio se le debe con hipoteca por The Juncos Central Company. Esta fué la causa de su obligación sin que la desvirtúe el hecho de que entonces no existiera por tal motivo pleito contra ella, pues la causa de su obligación no fué poner término a pleito pendiente, ni tampoco el que, según ella, no hubiera causa de acción para establecerlo por haber entregado todo lo comprendido dentro de los linderos y ser la venta por precio alzado, porque si ella equivocadamente creyó que tenía el deber legal de indemnizar por la diferencia entre las cuerdas que dijo que tenía la finca y las que resultaren en la mensura que se practicase por un ingeniero, no puede aprovecharse de tal error de derecho para conseguir la nulidad de la obligación que libremente contrajo pues la ignorancia de la ley a nadie excusa ni favorece.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.